Robyn Smith (SBN 165446); rsmith@lafla.org
Yolanda Arias (SBN 130025); yarias@lafla.org
Josephine Lee (SBN 308439); jslee@lafla.org
Jack Meaney (SBN 312862); jmeaney@lafla.org
LEGAL AID FOUNDATION OF LOS ANGELES
5228 Whittier Boulevard
Los Angeles, CA 90022
Telephone:  (213) 640-3908
Facsimile:   (213) 640-3911

Attorneys for Plaintiff
RICHARD JOHNNEY, JR.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNNEY, JR., | ) Case No.:  2:19-cv-641 |
| | ) |
| *Plaintiff,* | ) **COMPLAINT FOR REVIEW OF** |
| v. | ) **FINAL AGENCY ACTION AND FOR** |
| | ) **DECLARATORY RELIEF** |
| BETSY DEVOS, in her official | ) |
| capacity as Secretary of the U.S | ) |
| Department of Education; U.S. | ) |
| DEPARTMENT OF EDUCATION; | ) |
| and U.S. DEPARTMENT OF | ) |
| JUSTICE, | ) |
| *Defendants*. | ) |
| | ) |

## INTRODUCTION

1. Plaintiff Richard M. Johnney, Jr. ("Plaintiff") brings this action, pursuant to 5 U.S.C. § 702, for judicial review of the denial of his Direct Consolidation Loan application by the Secretary of the U.S. Department of

1

Complaint for Judicial Review and Declaratory Relief

Education, the U.S. Department of Education, and the U.S. Department of Justice (collectively "Defendants").  He also seeks a declaration, pursuant to 28 U.S.C. §§ 2201-2202, that the Defendants' denial of Direct Consolidation Loan applications on the basis that the underlying federal student loan has been referred to the Department of Justice for collection, even though the loan is not subject to any judgment, is arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with the Higher Education Act, 20 U.S.C. §§ 1071-1099d, and its implementing regulations in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

2. Sometime in February 1999, Plaintiff received a Federal Family Education Loan ("FFEL") program loan totaling around $900 for his enrollment at the now-defunct for-profit institution, Wright Business School, where he withdrew after attending one month.

3. Plaintiff's FFEL program loan fell into default sometime in July 2003. As a result, his entire federal tax refund was offset at least twice. Plaintiff is currently earning no income and seeks to continue his education so that he can take better care of his fiancé, who is battling cancer, but he cannot afford to return to school until his student loan is taken out of default and his federal financial aid eligibility is reinstated.

4. Defendants now claim that Plaintiff's defaulted student loan has an outstanding balance of $1600 and has been referred to the U.S. Department of Justice ("DOJ") for collection. No collection lawsuit has been initiated and no judgment has been secured against Plaintiff for his defaulted loan.

5. The Higher Education Act ("HEA") and its implementing regulations state that a defaulted FFEL program loan is eligible for consolidation unless it is subject to a judgment.

6. Since Plaintiff's defaulted FFEL program loan meets all eligibility criteria for consolidation into a Direct Consolidation Loan, including that it is not

1 subject to any judgment, Plaintiff submitted a Direct Consolidation Loan application for his defaulted student loan in August 2018.

7. Or around September 7, 2018, Defendants denied Plaintiff's Direct Consolidation Loan application on the grounds that the defaulted FFEL program loan was ineligible for consolidation, which is contrary to the law.

8. Because of Defendants' refusal to grant Plaintiff's consolidation application, he cannot get his FFEL program loan out of default except by paying the entire amount due, which he cannot afford. Consequently, Plaintiff faces a lifetime threat of tax refund offsets, wage garnishments and Social Security offsets and he cannot obtain federal financial aid to return to school unless he pays off the entire balance.

## JURISDICTION AND VENUE

9. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, the Administrative Procedure Act, 5 U.S.C. § 702, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

10. Venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this district and Plaintiff resides in this district. 28 U.S.C. § 1391(b)(2), 1391(e)(1).

## PARTIES

11. Plaintiff RICHARD JOHNNEY, JR. resides in Los Angeles County, California.

12. Defendant BETSY DEVOS is the Secretary (hereinafter, "the Secretary") of the United States Department of Education. The Secretary oversees all operations of the Department and the administration of the federal student loan programs. She is sued in her official capacity.

13. Defendant UNITED STATES DEPARTMENT OF EDUCATION (hereinafter, "ED") is an agency of the United States within the meaning of the APA, 5 U.S.C. § 701(b)(1). It is responsible for overseeing and implementing rules

1. for the federal student aid program. Upon information and belief, ED is the holder of Plaintiff's defaulted FFEL program loan.

14. Defendant UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") is an agency established in the Executive Branch of the United States government. The DOJ is an agency within the meaning of 5 U.S.C. § 701(b)(1). Upon information and belief, the DOJ is the holder of Plaintiff's defaulted FFEL program loan.[1]

## BACKGROUND

### *Federal Student Loan Programs*

15. Title IV of the Higher Education Act of 1965 ("HEA"), 20 U.S.C. §§ 1070-1099d, charges the Secretary with the responsibility of administering and overseeing the federal student loan programs, including the FFEL program and the Direct Loan program

16. All FFEL program and Direct loans have been issued pursuant to a Master Promissory Note ("MPN"). The MPN has been approved by the U.S. Department of Education and provides that all terms of the note "will be interpreted in accordance with the Higher Education Act of 1965 and…other applicable federal statutes and regulations, and the guarantor's policies."

17. Under the FFEL program, private lenders issued student loans to borrowers who met the eligibility criteria of the HEA. 20 U.S.C. §§ 1077, 1091(b). These loans were insured by guaranty agencies and in turn reinsured by ED. 20 U.S.C. § 1078(b)-(c).

18. Under the Direct Loan program, federal student loans are made directly by ED. As of July 1, 2010, all federal student loans are administered

---

[1] Upon information and belief, the U.S. Department of Education and/or the U.S. Department of Justice is the current holder of Plaintiff's defaulted FFEL program loan. Since Plaintiff has not received confirmation of which agency is the holder of his defaulted FFEL program loan, all allegations in this Complaint against Defendant Department of Education are made equally against and the Department of Justice.

4

through the Direct Loan program.

19. When a borrower defaults on a FFEL program loan, the lender notifies the guaranty agency of the default and the guaranty agency purchases the loan from the lender. The guaranty agency can then recover its losses from ED. 20 U.S.C. § 1080; 34 C.F.R. 682.406. Upon payment of the loss to the guaranty agency, ED subrogates all of the rights of the holder of the federal student loan and is entitled to an assignment of the note.

20. When a borrower defaults on a FFEL program or Direct loan, the entire balance of the loan (principal and interest) becomes immediately due. If the loan holder places the defaulted loan with a collection agency, the borrower is responsible for additional collection costs incurred.

21. The Secretary has promulgated regulations that dictate certain procedures that guaranty agencies, collection agencies, and ED must follow in administering the FFEL program and Direct Loan program. 34 C.F.R. Parts 682 *et seq.* [FFEL] and 685 *et seq.* [Direct].

### *Federal Student Loan Default and Litigation Referral to DOJ*

22. FFEL program and Direct loans are considered in default if a borrower fails to make required payments for 270 days. 34 C.F.R. § 682.200 [FFEL]; 34 C.F.R. § 685.102(b) [Direct].

23. Federal student loan borrowers in default face serious debt collection actions. Without a judgment, the government can garnish a borrower's wages, seize the borrower's tax refund, or seize portions of federal benefits such as Social Security.

24. In addition, federal student loan borrowers in default are barred from obtaining new federal financial aid to go back to school in most circumstances.

25. A defaulted federal student loan can also be referred for collection to the DOJ, which may initiate a collection lawsuit against a student loan borrower. 31 C.F.R. § 904.1.

26.     While rehabilitation is one option to get a federal student loan out of default, upon information and belief, Defendants will not enter into rehabilitation agreements with borrowers once their loans have been referred to the DOJ for collection.

27.     When collecting on defaulted FFEL program and Direct loans, the DOJ is subject to the HEA and federal regulations because the terms of the Master Promissory Note for each type of loan require that it be interpreted in accordance with the HEA and implementing regulations.

28.     There is no statute of limitations for any collection action on federal student loans. 20 U.S.C. § 1091a(a)(2); *see also* Pub. L. No. 102-26, 105 Stat. 123, 124 (Apr. 9, 1991).

29.     Therefore, a borrower with a defaulted federal student loan is subject to the government's forced collection efforts until the loan is taken out of default, the loan is paid in full, or the borrower dies.

### *Consolidating a Defaulted Federal Student Loan*

30.     In order to get out of default, borrowers may consolidate eligible defaulted FFEL program and Direct loans into a new Direct Consolidation Loan if they have either made satisfactory repayment arrangements or they have agreed to repay the Direct Consolidation Loan under an income-driven repayment plan. 34 C.F.R. § 682.201 (d)(1)(i)(A)(3) [FFEL]; 34 C.F.R. § 685.220 (d)(1)(i)(A)(3) [Direct].

31.     After consolidation, borrowers are once again eligible for federal financial aid. They are no longer listed as currently in default on their credit records and are no longer subject to tax offsets, wage garnishments, or federal benefit offsets as long as they remain out of default.  In addition, they are eligible for income-driven repayment plans.

32.     To be eligible for consolidation, a defaulted FFEL program or Direct loan must:

      a.    "Not be subject to a judgment secured through litigation, unless the judgment has been vacated." 34 C.F.R. § 682.201(d)(1)(i)(B) [FFEL]; 34 C.F.R. § 685.220 (d)(1)(i)(B) [Direct]; *see also* 20 U.S.C. § 1078-3 (a)(3)(A)(i);

      b.    "Not be subject to an order for wage garnishment…." 34 C.F.R. § 682.201(d)(1)(i)(C) [FFEL]; 34 C.F.R. §685.220(d)(1)(i)(C) [Direct]; *see also* 20 U.S.C. § 1078-3 (a)(3)(A)(i); and

      c.    "Not be in default status resulting from a claim filed under § 682.412." 34 C.F.R. § 682.201(d)(1)(i)(D) [FFEL].

32.    Once a borrower has submitted a Direct Consolidation Loan application for one or more eligible defaulted federal loans, including a defaulted FFEL program loan, and made satisfactory repayment arrangements or agreed to repay the consolidation loan under an income-driven repayment plan, the HEA and regulations require Defendants to grant the application. The HEA and regulations do not authorize Defendants to deny a Direct Consolidation Loan application on the basis that one or more loans have been referred to the DOJ for collection when the loan is not subject to any judgment and is otherwise eligible for consolidation. Nor do the HEA and regulations grant Defendants discretion to deny Direct Consolidation Loan applications for reasons other than those stated in the HEA and regulations.

## FACTUAL ALLEGATIONS

33.    Plaintiff Richard Johnney, Jr. is 43 years old and resides in Long Beach, County of Los Angeles.

34.    Sometime in February 1999, Plaintiff enrolled in the Program Professional Administrative Assistant program at Wright Business School ("Wright") in Overland Park, Kansas.

35.    He had seen television advertisements for the school and was interested in learning more about business accounting and computer programs in

order to improve his job opportunities.

36. In order to finance his enrollment at Wright, Plaintiff signed a FFEL Master Promissory note and received two FFEL program loans totaling $6,625.

37. After several weeks of attending classes, Plaintiff quickly became disappointed with the quality of education at Wright. The school was located in a strip mall and the classes were mismanaged due to a high turnover in the school's leadership.

38. After around one month of attending classes, Plaintiff withdrew from his program at Wright.

39. As a result, one of Plaintiff's FFEL program loans was cancelled. For the second FFEL program loan, around $900 was disbursed to the school and remained outstanding for his attendance at Wright.

40. Plaintiff never returned to school or continued his education.

41. Plaintiff's FFEL program loan fell into default sometime in July 2003.

42. Since then, Plaintiff's federal tax refund has been offset at least twice to collect on his defaulted student loan, which has made it difficult for Plaintiff to care and pay for the basic living necessities of his fiancé, who is currently battling cancer.

43. In July 2018, Plaintiff received a collection notice from the Law Office of Jacquelyne Nguyen on behalf of the DOJ. The notice indicated that his outstanding federal student debt balance has increased to $1,596.46.

44. DOJ has not filed any lawsuit against Plaintiff to collect on the defaulted FFEL program loan, nor has it obtained any judgment against Plaintiff.

45. Plaintiff wanted to continue his education and re-instate his eligibility for federal financial aid so that he could improve his job opportunities and better provide for his family. He also wanted to get out of default in order to avoid future tax refund offsets.

46. In late August 2018, Plaintiff submitted a Direct Consolidation Loan

1  application to ED, seeking to consolidate his defaulted FFEL program loan. He
2  also submitted a request for an income-driven repayment plan. As part of the
3  application process, he chose Nelnet as his Direct Consolidation Loan servicer.

4    47. On or around September 7, 2018, Plaintiff received an email from
5  Nelnet denying Plaintiff's Direct Consolidation Loan application on the grounds
6  that "his servicer [had] informed" Nelnet that his defaulted FFEL program loan
7  was "not eligible for consolidation." The notice offered no specific facts or reasons
8  for the ineligibility determination.

9    48. Upon information and belief, Defendants have instructed federal loan
10 servicers who receive Direct Consolidation Loan applications to deny
11 consolidation applications from borrowers whose loans are eligible for
12 consolidation under the HEA and related regulations, but have been placed for
13 collection with DOJ, regardless of whether such loans are subject to a judgment.

14   49. Because his application was denied, Plaintiff currently remains in
15 default on his FFEL program loan and, as a result, he is ineligible for Title IV
16 financial aid and cannot afford to go back to college in order to improve his ability
17 to support his family.

18   50. Plaintiff's wages could be garnished and his future tax refunds could
19 be intercepted, which would cause him and his family severe financial hardship.

20   51. Plaintiff has no other remedy at law to obtain Defendants' compliance
21 with the HEA and federal regulations, other than through the relief sought in this
22 complaint.

23 <center>**FIRST CAUSE OF ACTION**</center>
24 <center>**(Pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706)**</center>

25   52. Plaintiff repeats and realleges each of the foregoing paragraphs as if
26 fully set forth herein.

27   53. Plaintiff's application for a Direct Consolidation Loan satisfied the
28 consolidation eligibility standards set forth in 20 U.S.C. § 1078-3(a) and 34 C.F.R.

1  § 682.201(d)(1) for his defaulted FFEL program loan.

2  54. The denial of Plaintiff's application for a Direct Consolidation Loan on the grounds that his defaulted FFEL program loan was not eligible for consolidation constitutes a final agency action, as defined by 5 U.S.C. § 704, and is therefore reviewable under the Administrative Procedure Act.

6  55. Defendants' denial of Plaintiff's Direct Consolidation Loan application was arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with the Higher Education Act, 20 U.S.C. §§ 1071-1099d, and its implementing regulations, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

11 56. Plaintiff asks this court to declare that Defendants' denial of his Direct Consolidation Loan application for his defaulted FFEL program loan was unlawful, arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with the Higher Education Act, 20 U.S.C. §§ 1071-1099d, and its implementing regulations, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

17 57. Plaintiff further asks this court to compel the Defendants to cease involuntary collection efforts on Plaintiff's defaulted FFEL program loan.

19 58. Finally, Plaintiff asks this court to reverse Defendants' denial of his Direct Consolidation Loan application and compel Defendants to grant his application, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702 and 706(1) and (2)(A).

**SECOND CAUSE OF ACTION**

**(Pursuant to the Declaratory Judgment Act, 28 U. S. C. §§ 2201-2202)**

25 59. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

27 60. Plaintiff seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-2202, that Defendants have violated and continue to violate the Administrative

Procedure Act, 5 U.S.C. § 706(2)(A), and the Higher Education Act, 20 U.S.C. §§ 1071-1099d, and its implementing regulations by denying Direct Consolidation Loan applications for defaulted FFEL program and Direct loans that have been referred to the DOJ for collection, even though those defaulted loans are not subject to a judgment and are otherwise eligible for consolidation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment and order for relief as follows:

1. Declaring that Defendants' denial of Plaintiff's Direct Consolidation Loan application was arbitrary, capricious, an abuse of discretion, contrary to law, and otherwise not in accordance with the Higher Education Act, 20 U.S.C. §§ 1071-1099d, and its implementing regulations, in violation of 5 U.S.C. § 706(2);

2. Reversing the Defendants' final decision denying Plaintiff's Direct Consolidation Loan application pursuant to 5 U.S.C. § 706(2);

3. Compelling the Secretary, pursuant to 5 U.S.C. § 706(1), to:

   a. Cease involuntary collection efforts on Plaintiff's defaulted FFEL program loan; and

   b. Grant Plaintiff's Direct Consolidation Loan application;

4. Holding unlawful and declaring pursuant to 28 U.S.C. §§ 2201-2202 that Defendants have violated and continue to violate the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and the Higher Education Act, 20 U.S.C. §§ 1071-1099d, and its implementing regulations by denying Direct Consolidation Loan applications for defaulted FFEL program and Direct loans that have been referred to the DOJ for collection, even though those defaulted loans are not subject to a judgment and are otherwise eligible for consolidation;

5. Ordering the Secretary to pay the cost of this action, together with reasonable attorneys' fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), as determined by the Court; and

7.  Granting such other and further relief as the Court may deem just and proper.

DATED: January 28, 2019          Respectfully submitted,

/s/ Josephine Lee

LEGAL AID FOUNDATION OF LOS ANGELES
5228 Whittier Boulevard
Los Angeles, CA 90022
Telephone: (213) 640-3908
Facsimile: (213) 640-3911